# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-204V
Filed: February 22, 2017
Not for Publication

```
*************************************
ROSEMARY ST. GEORGE,                *
                                    *
            Petitioner,             *
                                    *   Attorneys' fees and costs decision;
v.                                  *   reasonable attorneys' fees and
                                    *   costs
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *
                                    *
            Respondent.             *
                                    *
*************************************
```

Ronald C. Homer, Boston, MA, for petitioner.
Claudia B. Gangi, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On March 2, 2015, petitioner filed a petition for compensation under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012). Petitioner alleged that her receipt of the influenza vaccine on January 16, 2013 caused her to develop brachial neuritis. On August 30, 2016, the undersigned issued a decision awarding damages pursuant to the parties' stipulation.

On February 6, 2017, petitioner filed a motion for attorneys' fees and costs, requesting attorneys' fees in the amount of $28,883.70, attorneys' costs in the amount of $7,687.16, and

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

personal costs in the amount of $36.28 for a total request of $36,607.14.

On February 21, 2017, respondent filed a response to petitioner's motion explaining that he is satisfied this case meets the statutory requirements for an award of attorneys' fees and costs under 42 U.S.C. § 300aa-15(e)(1)(A)-(B). Resp. at 2. Respondent "respectfully recommends that the [undersigned] exercise her discretion and determine a reasonable award for attorneys' fees and costs." Id. at 3.

Under the Vaccine Act, a special master or a judge on the U.S. Court of Federal Claims shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1); Sebelius v. Cloer, 133 S. Ct. 1886, 1893 (2013). The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs. Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

Based on her experience and review of the billing records submitted by petitioner, the undersigned finds that petitioner's attorneys' fees and costs request is reasonable. Therefore, the undersigned **GRANTS** petitioner's Motion for Attorneys' Fees and Costs. Accordingly, the court awards **$36,607.14**, representing attorneys' fees and costs. The award shall be in the form of a check made payable jointly to petitioner and Conway, Homer, P.C. in the amount of **$36,607.14**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: February 22, 2017                                        s/ Laura D. Millman
                                                                                 Laura D. Millman
                                                                                 Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.